10 F.3d 806
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AMERISYS, INC., a Virginia Corporation; Carl Parcell,
Plaintiffs-Appellants,
v.
PANASONIC COMMUNICATIONS AND SYSTEMS COMPANY,
Defendant-Appellee.
 No. 93-1218.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 29, 1993.
Decided: November 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Joseph Herman Sharlitt, for Appellants.
 Jonathan Adrian Constine, Hogan & Hartson, for Appellee.
 Dan L. Ferguson, for Appellants.
 Patrick M. Raher, A. Lee Bentley, III, HOGAN & HARTSON, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Amerisys, Inc. and Carl Parcell, its president and major stockholder, (collectively "Amerisys") filed this suit under the district court's diversity jurisdiction, alleging essentially that Panasonic Communications and Systems Company ("Panasonic") breached a dealer agreement which allegedly gave Amerisys an exclusive right to distribute and service Panasonic electric typewriters to the government in a designated geographical area. The complaint alleges that Panasonic breached the agreement by receiving and filling orders from a competitor of Amerisys and that Panasonic improperly terminated the agreement with Amerisys for no cause. Setting forth various counts for breach of contract, deceit, promissory estoppel, and statutory conspiracy, the complaint states the chronological facts in significant detail and attaches the relevant contractual documents.
 
 
 2
 Panasonic moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing essentially that all of Amerisys' claims rest on the single factual allegation that the dealer agreement gives Amerisys the exclusive right to distribute Panasonic electric typewriters in the designated geographical area. Panasonic contends that, because the terms of the written agreement do not give Amerisys any such exclusive rights and they also purport to reflect the entire understanding between the parties, Amerisys has no causes of action against Panasonic for distributing electric typewriters through other distributors. Moreover, Panasonic contends that the dealer agreement with Amerisys was properly terminated in accordance with the terms of the agreement.
 
 
 3
 The district court agreed with Panasonic and granted the motion to dismiss. The court noted that the agreement relied on by Amerisys "does not contain any exclusivity." Moreover, the court found, Panasonic had an unlimited right to terminate the agreement with Amerisys under the agreement. Finally, the court noted that Amerisys could not rely on contrary oral representations that preceded the agreement and which allegedly induced Amerisys to sign, since those representations were contradicted by specific written terms in the dealer agreement.
 
 
 4
 We review an order of dismissal for failure to state a claim under Federal Rule 12(b)(6) de novo. See Martin Marietta v. Intern. Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992). Having reviewed the complaint in this case and considered it de novo, we find no error in the district court's order dismissing the complaint.
 
 
 5
 Amerisys' complaint alleges that three separate written documents constitute the dealer agreement between it and Panasonic and that the parties orally agreed that the arrangement would give Amerisys exclusive rights to sell Panasonic typewriters in its area of responsibility. However, the first and second documents expressly provide that the arrangement is not exclusive. They provide, respectively, that Panasonic "hereby appoints DEALER as a non-exclusive retailer dealer of the Products in the Area of Primary Responsibility" and "DEALER hereby accepts appointment as a non-exclusive retail dealer of the Products in the Area of Primary Responsibility." The third document is silent on the subject of exclusivity, and no provision in it purports to modify or change the language in the earlier documents that the arrangement is not exclusive. Amerisys nevertheless alleges that the exclusive arrangement was orally promised during the discussions leading to the execution of the third document. It also alleges that during these discussions, Amerisys questioned a proposed at-will termination provision contained in the third document because, if such a clause were agreed to by the parties, it would have rendered any exclusive arrangement illusory. The clause provides:
 
 
 6
 Notwithstanding anything to the contrary in Paragraph 1 hereof, [Panasonic] reserves the right, at any time, for any reason or for no reason, upon thirty (30) days prior written notice, to withdraw, in whole or in part, your company's authorization to solicit the sales of, install or service Panasonic electronic typewriters under the GSA Contract.
 
 
 7
 Amerisys alleges that when it inquired about this provision before executing the proposed third document, Panasonic stated that it had "no intention of terminating Parcell's new company (Amerisys) so long as it performed." Amended Complaint p 9. Amerisys alleges that it signed this third document in reliance on the alleged assurances.
 
 
 8
 While Panasonic's statement of assurance, purportedly given to induce Amerisys to sign the third document, is not, in our judgment, in conflict with the at-will termination clause included in the document, even if there was such a conflict, Amerisys cannot rely on an oral promise which is in conflict with a subsequently agreed to written one. See Walker & Laberge Co. v. First Nat. Bank of Boston, 146 S.E.2d 239, 243 (Va. 1966). This is particularly so when the written document contains, as the third document does, an integration clause providing that
 
 
 9
 [t]his agreement sets forth the entire understanding, and hereby supersedes any and all prior agreements, oral or written, heretofore made, between the parties with respect to the subject matter of this Agreement, and there are no representations, warranties, covenants, agreements or collateral understandings, oral or otherwise, express or implied, affecting this instrument that are not expressly set forth herein.
 
 
 10
 Even if the alleged oral promise by Panasonic to terminate only for non-performance amounts to a misrepresentation, it nevertheless cannot be the basis for a claim when the subsequent written document, signed by Amerisys, conflicts with the oral representation. See Foremost Guar. Corp. v. Meritor Sav. Bank, 910 F.2d 118 (4th Cir. 1990) (appeal from Eastern District of Virginia); see also Call Carl, Inc. v. BP Oil Corp., 554 F.2d 623, 631 (4th Cir. 1977) (appeal from District of Maryland).
 
 
 11
 We find no error in the district court's ruling and affirm its judgment.
 
 AFFIRMED